UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLISON KURASZ,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN EAGLE OUTFITTERS, INC.,<br><br>  Defendant. | Civil Action No. |

COMPLAINT
JURY TRIAL REQUESTED
INJUNCTIVE RELIEF REQUESTED

NOW COMES the Plaintiff, Allison Kurasz ("Ms. Kurasz"), by and through undersigned counsel, and complains against the Defendant, American Eagle Outfitters, Inc. ("AEO"), as follows:

JURISDICTION AND PARTIES

1. This action arises under the Maine Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551 *et seq.*; Title VII of the Civil Rights Act ("Title VII"); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.;* and 26 M.R.S. §630.

2. Ms. Kurasz is a United States citizen residing in the City of Canton, State of Ohio.

3. AEO is a national retail chain with a principal home office in the City of Cincinnati, State of Ohio, and registered to do business in Maine.

4. AEO had 15 or more employees for each working day in each of 20 or more calendar weeks in the same calendar year as when the alleged discrimination occurred.

5. This Court has subject matter jurisdiction over Ms. Kurasz's federal and state claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

1

6. The matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

7. On or about August 17, 2022, Ms. Kurasz filed a timely Complaint/Charge of Discrimination against the AEO alleging unlawful sex, sexual orientation, and disability discrimination and retaliation with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has exhausted her administrative remedies with respect to all state law claims set forth in this Complaint as evidenced by the Investigator's Report that was issued by the MHRC on September 8, 2023 finding reasonable grounds to believe that unlawful discrimination has occurred, the Statement of Finding letter showing that the MHRC found reasonable grounds to believe that unlawful discrimination has occurred that was issued on October 24, 2023, and the Conciliation Failed letter issued by the MHRC on February 9, 2024. See Exhibit A.

9. Plaintiff has exhausted her administrative remedies with respect to all federal law claims set forth in this Complaint as evidenced by the right to sue letter issued by the EEOC on May 7, 2024.  See Exhibit B.

## JURY TRIAL REQUESTED

10. Ms. Kurasz requests a trial by jury for all claims and issues for which a jury is permitted.

## FACTUAL ALLEGATIONS

11. AEO is a retailer with a store in The Marketplace in Augusta, Maine (Store Number 2080).

12. AEO has more than 1,000 stores and 40,000 associates worldwide.[1]

13. Ms. Kurasz's sex is female and her sexual orientation is lesbian.

14. Ms. Kurasz has a disability, Wolfe Parkinson White syndrome, which means that she has an extra electrical pathway between the upper and lower chambers of the heart.

15. Ms. Kurasz's condition causes tachycardia, dizziness, and syncope episodes.

16. Ms. Kurasz's condition substantially limits the functioning of her cardiac and circulatory systems, particularly when viewed in the absence of mitigating measures.

17. Ms. Kurasz's condition significantly impairs her physical health, particularly when viewed in the absence of mitigating measures.

18. Ms. Kurasz has a heart disease as set out in 5 M.R.S. §4553-A(1)(B).

19. Ms. Kurasz had her first episode in about July 2006 when she went into cardiac arrest.

20. Ms. Kurasz had catheter ablations in August 2026 and again in September 2006. She had a loop recorder implanted in her chest in 2015 to monitor her heart.

21. Ms. Kurasz started working for AEO on October 10, 2021.

22. Ms. Kurasz's job performance as an Associate and Cashier was satisfactory.

23. Ms. Kurasz did not receive any coachings, performance improvement plans, or disciplinary warnings during her employment.

24. About two weeks after she started working for AEO, Ms. Kurasz was asked to meet with Liz (District Manager) and Loreley Mendez (Store Manager).

---

[1] See https://aeo.jobs/info/page1 (accessed 4/11/24).

25. The District Manager and Store Manager told Ms. Kurasz that a male co-worker complained that she made him uncomfortable by asking for a ride home.

26. There were no further issues between Ms. Kurasz and that coworker.

27. The male employee was not fired after complaining about Ms. Kurasz.

28. However, Ms. Kurasz was harassed by other coworkers.

29. Other co-workers lied about Ms. Kurasz, gossiped about her, and bullied her. The harassment was so bad, there were several times that Ms. Kurasz sat in the bathroom at work and cried because people were talking about her behind her back.

30. Ms. Kurasz complained about the harassment to the District Manager and Store Manager.

31. On about November 7, 2021, the District Manager and Store Manager met with Ms. Kurasz to discuss her complaint and Ms. Kurasz told the managers about the harassment.

32. On November 12, 2021, Ms. Kurasz told Ms. Mendez that she was dizzy and needed a break. Ms. Kurasz explained to Ms. Mendez that she has a heart condition, Wolfe Parkinson White syndrome, and an implanted loop recorder in her chest to monitor her heart.

33. Ms. Kurasz's request for a break was a request for reasonable accommodation for purposes of the ADA and MHRA.

34. On November 13, 2021, Ms. Kurasz received a text from another manager named Allison, instructing her not to come to work until she was contacted by upper management.

35. Allison told Ms. Kurasz that the District Manager made her call Ms. Kurasz.

36. Allison told Ms. Kurasz that she (Ms. Kurasz) was suspended until further notice due to "situations" at work.

37. Ms. Kurasz did not hear from AEO for several days.

38. On November 17, 2021, Ms. Kurasz called AEO to see what was going on.

39. The District Manager told Ms. Kurasz they were letting her go. The District Manager did not provide a clear reason. She said it was because of "issues" that she did not identify or explain.

40. AEO continued to operate a store in The Marketplace in Augusta, ME and to employ Associates and Cashiers at that location after Ms. Kurasz was fired.

41. On December 1, 2021, this law firm sent a letter to AEO by certified mail and in that letter requested that AEO produce a copy of Ms. Kurasz's personnel file and the written reason for her termination. The letter notified AEO that, among other things, under 26 M.R.S. §630 an employer is required to provide former employees with the written reason for the employee's termination within fifteen days of a written request from the employee and that the letter constituted a request for a copy of Ms. Kurasz's personnel file pursuant to 26 M.R.S. §631.

42. Ms. Kurasz was entitled to the written reason for her termination from AEO within fifteen days of its receipt of the request as well as a copy of her personnel file 26 M.R.S. §630 (reason for termination); 26 M.R.S. §631 (personnel file).

43. AEO received the December 1, 2021 letter and on or about January 11, 2022 provided some documents from Ms. Kurasz's AEO personnel file to Ms. Kurasz's law firm.

44. AEO did not provide Ms. Kurasz or her lawyers with the written reason for Ms. Kurasz's termination and has to date still failed to provide the written reason for Ms. Kurasz's termination.

45. AEO violated Maine law, 26 M.R.S. §630, by failing to provide the written reason for Ms. Kurasz's termination.

46. AEO provided a personnel file that contained eight documents.

47. Ms. Kurasz's personnel file contains a document showing that her partner is female.

48. Ms. Kurasz's personnel file does not contain any documents relating to or reflecting any complaints made about Ms. Kurasz, about Ms. Kurasz's harassment complaints about coworkers, or about the reason Ms. Kurasz was fired.

49. Ms. Kurasz was treated differently and less favorably than the male coworker who complained that he felt harassed when Ms. Kurasz asked him for a ride. The male employee was not fired after he complained.

50. Ms. Kurasz is female and lesbian. She complained that she was harassed by coworkers. Ms. Kurasz, who is female and lesbian, was fired after she complained.

51. AEO's unlawful discrimination and retaliation is evidenced by probative timing.

52. AEO's unlawful discrimination and retaliation are evidenced by the fact that AEO violated Maine law by failing to provide Plaintiff with the written reason for her termination.

53. AEO's unlawful discrimination and retaliation are evidenced by the fact that AEO failed to cooperate with the MHRC's investigation into Ms. Kurasz's Complaint/Charge of Discrimination.

54. In addition to causing Ms. Kurasz economic damages, Defendant's discrimination and retaliation has caused Ms. Kurasz substantial stress, anxiety, and humiliation and other non-economic damages.

55. Defendant knowingly violated Plaintiff's state and federal rights and/or violated Plaintiff's rights with reckless indifference and so are liable for punitive damages.

## COUNT I: MHRA DISCRIMINATION – SEX

56. Paragraphs 1-55 are incorporated by reference.

57. Defendant has engaged in unlawful sex discrimination by treating Plaintiff differently and less favorably than a male and by terminating her employment because of her sex.

### COUNT II: MHRA DISCRIMINATION – SEXUAL ORIENTATION

58. Paragraphs 1-57 are incorporated by reference.

59. Defendant has engaged in unlawful sexual orientation discrimination by treating Plaintiff differently and less favorably than heterosexual employees and by terminating her employment because she is lesbian.

### COUNT III: MHRA DISCRIMINATION – DISABILITY

60. Paragraphs 1-59 are incorporated by reference.

61. Defendant unlawfully failed to accommodate Plaintiff's disability.

62. Defendant terminated Plaintiff for reasons that could be addressed through reasonable accommodation.

63. Defendant has engaged in unlawful disability discrimination by treating Plaintiff differently and less favorably than non-disabled employees and by terminating her employment because of her disability.

### COUNT IV: MHRA RETALIATION

64. Paragraphs 1-63 are incorporated by reference.

65. Defendant has engaged in unlawful retaliation by terminating Plaintiff's employment because Plaintiff requested and needed reasonable accommodation.

### COUNT V: TITLE VII – SEX

66. Paragraphs 1-65 are incorporated by reference.

67. Defendant has engaged in unlawful sex and sexual orientation discrimination by treating Plaintiff differently and less favorably than a male and heterosexual employees and by terminating her employment because she is female and lesbian.

68. Plaintiff's sex and sexual orientation were motivating factors in Defendant's decision to terminate her employment.

## COUNT VI: ADA – DISABILITY DISCRIMINATION

69. Paragraphs 1-68 are incorporated by reference.

70. Defendant failed to provide Plaintiff with reasonable accommodation for her disability.

71. Defendant terminated Plaintiff for reasons that could be addressed through reasonable accommodation.

72. Defendant has engaged in unlawful disability discrimination by treating Plaintiff differently and less favorably than non-disabled employees and by terminating her employment because of her disability.

## COUNT VII – ADA RETALIATION

73. Paragraphs 1-72 are incorporated by reference.

74. Defendant has engaged in unlawful retaliation by terminating Plaintiff's employment because Plaintiff requested and needed reasonable accommodation.

## COUNT VIII - 26 M.R.S. §630

75. Paragraphs 1-74 are incorporated by reference.

76. Defendant received a written request for the written reason for Plaintiff's termination from employment.

77. Defendant has failed to provide Plaintiff with the written reason for Plaintiff's termination from employment.

78. Defendant has violated 26 M.R.S. §630.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

A. Declare the conduct engaged in by Defendant to be in violation of her rights;

B. Enjoin Defendant, its agents, successors, employees, and those acting in concert with it from continuing to violate her rights;

C. Order Defendant to reinstate Plaintiff or award front pay to Plaintiff;

D. Award lost future earnings to compensate Plaintiff for the diminution in expected earnings caused by Defendant's discrimination;

E. Award equitable-relief for back pay, benefits and prejudgment interest;

F. Award compensatory damages in an amount to be determined at trial;

G. Award punitive damages in an amount to be determined at trial;

H. Award penalties pursuant to 26 M.R.S. §630.

I. Award nominal damages;

J. Award attorneys' fees, including legal expenses, and costs;

K. Award prejudgment interest;

L. Permanently enjoin Defendant from engaging in any employment practices which discriminate on the basis of sex, sexual orientation, disability, and protected activity under the ADA and MHRA;

M.    Require Defendant to mail a letter to all employees notifying them of the verdict against them and stating that Defendant will not tolerate discrimination or retaliation in the future;

N.    Require that Defendant post a notice in all of its workplaces of the verdict and a copy of the Court's order for injunctive relief;

O.    Require that Defendant train all management level employees on the protections afforded by the MHRA, Title VII, and ADA;

P.    Require that Defendant place a document in Plaintiff's personnel file which explains that Defendant unlawfully terminated her because of unlawful discrimination and retaliation; and

Q.    Grant to Plaintiff such other and further relief as may be just and proper.

Dated: May 8, 2024                        /s/ Chad T. Hansen
                                          Chad T. Hansen
                                          Attorney for the Plaintiff
                                          MAINE EMPLOYEE RIGHTS GROUP
                                          92 Exchange Street 2nd floor
                                          Portland, Maine 04101
                                          Tel. (207) 874-0905
                                          Fax (207) 874-0343
                                          Chad@EmployeeRightsLaw.Attorney